William Gene WOODS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14022.

Court of Criminal Appeals of Oklahoma.

Dec. 14, 1966.

Rehearing Denied Jan. 27, 1967.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Charles Nesbitt, Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in Error, William Gene Woods, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County with the crime of Unauthorized Use of a Motor Vehicle, After Former Conviction of a Felony. He was tried by a jury, found guilty, and his punishment assessed at Five Years in the penitentiary. From this judgment and sentence he has appealed to this Court.

Briefly, the facts of this case are that the defendant was caught driving a car which had been reported stolen from a used car lot. Defendant told the police officer that arrested him his uncle, who worked at a car lot, had given him the car to drive.

He stated he had found a set of keys under the seat, and had thrown them on his father's lawn.

Defendant then changed his story, and said he got the car from a man by the name of Freddie Burge, a tavern owner, the night before. That they had intended to use the car to burglarize some buildings during the night. Defendant then took the police officer to his father's house on S. W. 27th Street, and pointed out the ring of keys in a hedge in the front yard. (These keys had been taken from the used car lot and had several other sets of keys on it.) Detective Hodges of the Stolen Goods Department testified that defendant said he had been given the car by Freddie Burge at a beer joint. He stated he presumed at the time the car was stolen. Detective Hodges, in checking defendant's alibi, found that the said Freddie Burge was in the Oklahoma County Jail at the time, making the alibi impossible. The defendant took the stand and stated he got the car from a "friend", whom he identified as a William Ceden. This was substantially the case that was submitted to the jury.

■ This cause was submitted on the record November 16, 1966 for examination of fundamental error. This we have done. We have examined the information, instructions and exceptions taken, the judg-

ment and sentence, and find no fundamental error.

■ We have further examined the testimony of the witnesses, and can find nothing for this Court to determine as to the evidence introduced. We have stated, as in the case of Disheroon v. State, Okl. Cr., 357 P.2d 236:

"In the trial of a criminal case, questions of fact involving the guilt or innocence of accused are always for the jury, and when, on appeal, the record discloses facts which would have been sufficient either to warrant a verdict of acquittal or to support a verdict of guilty, the finding of jury will not be disturbed, but only errors of law will be reviewed."

It is not for this Court to substitute judgment on questions of fact or on the weight of the evidence for that of the jury where there is competent evidence from which jury may reasonably and logically find guilt of defendant, even though evidence may be conflicting or such that different inferences might reasonably be drawn. See, Martin v. State, Okl.Cr., 375 P.2d 481.

The judgment and sentence of the District Court of Oklahoma County is therefore affirmed.

BUSSEY, P. J., and BRETT, J., concur.